**NEW WRINKLE, Inc., v. FRITZ et al.**

No. 188.

District Court, W. D. New York.
March 3, 1941.

John S. Powers, of Buffalo, N. Y., and Toulmin & Toulmin, of Washington, D. C., for plaintiff.

Albert R. Henry, of Buffalo, N.Y. (Dike, Calver & Gray, of Boston, Mass., of counsel), for defendants.

KNIGHT, District Judge.

The defendant took certain depositions purporting to show tests made following the formula of the Hadfield Patent No. 1,-252,001 and the teachings of the Stevens Publications "Patents, Technology, and Bibliography of China Wood Oil" and "China Wood Oil Formulary" to show anticipation of the patent in suit. It is urged by the plaintiff that the depositions taken relative to these tests are incompetent and the depositions should not be received in evidence.

In so far as these tests follow the formulas laid down in the prior art patent and publications they are competent; if they show any departure from the formula and from the teachings of the patent or the publications they are not competent.

As was said in Beckwith v. Malleable Iron Range Co., C.C., 174 F. 1001, 1009: "It is elementary that, when it is sought to ascertain the state of the art by means of prior patents, nothing can be used except what is disclosed on the face of those patents. Such patents cannot be reconstructed in the light of the invention in suit and then used as a part of the prior art."

This determination is not in conflict with any of the authorities cited by the plaintiff, as I read them. The testimony to be competent must be shown to follow strictly the teachings of the prior art as to which the tests were made.

A very considerable amount of testimony was taken relative to the matter involved here. The court should not be required at this time to go through the depositions and pass on the competency of each question within the rule here laid down. This separation can be made in the final consideration of the case. It is not seen that this will hamper the plaintiff, but every opportunity will be given to permit its showing with reference to these tests, and, if necessary, the trial may be deferred for that purpose.